No. 23-cv-02171

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

In re VOYAGER DIGITAL HOLDINGS, INC., ET AL., Debtors

---

UNITED STATES OF AMERICA, ET AL., Appellants,

v.

VOYAGER DIGITAL HOLDINGS, INC., ET AL., Appellees.

---

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

**DECLARATION OF LAWRENCE H. FOGELMAN IN SUPPORT OF THE GOVERNMENT'S EMERGENCY MOTION FOR A STAY PENDING APPEAL**

---

**DAMIAN WILLIAMS**
United States Attorney for the
Southern District of New York

**LAWRENCE H. FOGELMAN**
**JEAN-DAVID BARNEA**
**PETER ARONOFF**
Assistant United States Attorneys

United States Attorney's Office
Southern District of New York
86 Chambers Street, Third Floor
New York, NY 10007

**WILLIAM K. HARRINGTON**
United States Trustee, Region 2
**LINDA A. RIFFKIN**
Assistant United States Trustee
Department of Justice
Office of the United States Trustee

**RAMONA D. ELLIOTT**
Deputy Director/General Counsel
**P. MATTHEW SUTKO**
Associate General Counsel

**BETH A. LEVENE**
**ANDREW BEYER**
**SUMI K. SAKATA**
Trial Attorneys

Department of Justice
Executive Office for United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC 20530

One Bowling Green
New York, NY 10004

  I, Lawrence H. Fogelman, pursuant to Rules 1.9 and 6.1(d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules") and Rule 8013(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") hereby declare as follows:

  1.  I am an Assistant United States Attorney in the United States Attorney's Office for the Southern District of New York.

  2.  I submit this declaration in support of the Emergency Motion of the United States of America, *et al.*, for a Stay Pending Appeal, as required by Bankruptcy Rule 8013(d).

## BACKGROUND

  3.  The United States Trustee for Region 2 (the "United States Trustee") and the Untied States of America are the appellants in this appeal. Although they commonly appear as separate parties in bankruptcy proceedings, this appeal was jointly filed by them on behalf of the United States Government (the "Government").

  4.  The United States Trustee Program is a component of the Department of Justice charged with the responsibility of monitoring bankruptcy cases, including the supervision of cases filed under chapter 11 of the Bankruptcy Code. *See* 28 U.S.C. § 586(a)(3)(B). A United States Trustee's "role is to be a watchdog in bankruptcy proceedings." *In re South Beach Secs., Inc.*, 606 F.3d 366, 370 (7th Cir. 2010). The United States Trustee does not represent the creditor interests of the United States. *See*, *e.g.*, 1 Collier on Bankruptcy P 6.01 (16th 2021) (noting United States Trustees "do not represent the pecuniary interests of the government").

  5.  Voyager Digital Holdings, Inc. and its affiliated debtors (collectively, the "Debtors") commenced voluntary cases under chapter 11 of the Bankruptcy Code on July 5, 2022. Dkt. No. 1.

6. On December 22, 2022, the Debtors filed an amended plan to effectuate an asset sale to BAM Trading Services Inc. ("Binance.U.S."). Dkt. No. 777.

7. On December 30, 2022, the United States of America (the "United States") filed a Notice Concerning the Review of Certain Transactions by the Committee of Foreign Investment in the United States (CFIUS). Dkt. No. 797.

8. On January 4, 2023, the United States Trustee filed an Objection to the Debtors motions to enter into an asset purchase agreement with Binance.U.S. and for conditional approval of the Debtors' Amended Disclosure Statement. Dkt. No. 811. The United States Trustee argued, *inter alia*, that the Amended Disclosure Statement contained inadequate disclosures regarding the asset purchase agreement and Binance.U.S. itself. *Id.* at 2-3, 9-10.

9. On January 10, 2023, the Debtors filed another amended proposed plan of reorganization that included a broad exculpation provision that purported to shield non-fiduciaries from liability. Dkt. No. 852 at 17, 140-41 of 151.

10. On February 24, 2023, the United States Trustee objected to, *inter alia*, the proposed plan's exculpation provision, arguing that, by including all the Debtors' employees – whether or not they were fiduciaries – the exculpation was overly broad in scope. Dkt. 1085 at 17-18 of 22.

11. On February 28, 2023, the Debtors filed a revised plan that introduced and defined the concept of a Plan Administrator. Dkt. No. 1117 at 20 of 157.

12. On February 28, 2023, the Debtors filed a proposed confirmation order that carved governmental entities out of the exculpation provision (the "Government Carve-Out") under the plan. Dkt. No. 1120, ¶ 141 at 64-65 of 150.

13. On March 1, 2023, the Debtors filed another revised plan. Dkt. No. 1125.

14. On March 2, 2023, during the confirmation hearing, the Debtors filed a revised proposed confirmation order that deleted the Government Carve-Out from exculpation. Dkt. 1130, ¶¶ 142-43 at 65-66 of 166.

15. On March 2, 2023, the United States filed a letter objecting to the proposed confirmation order that the Debtors had filed earlier on March 2, 2023, arguing that the proposed exculpation language improperly barred the United States from enforcing the law. Dkt. No. 1132.

16. On March 5, 2023, the Debtors filed another revised plan. Dkt. No 1138.

17. On March 6, 2023, the United States filed a brief objecting to the proposed confirmation order, again arguing that the proposed exculpation language improperly barred the Government from enforcing the law.  Dkt. 1144.

18. On March 7, 2023, during the confirmation hearing, the Bankruptcy Court heard additional argument regarding exculpation.  March 7 Hearing Transcript, at 25: 11-26.

19. On March 8, 2023, the Bankruptcy Court entered an amended order approving the disclosure statement and confirming the plan. Dkt. No. 1159. This order was subsequently modified on March 10, 2023 (the "Confirmation Order"). Dkt. No. 1166.

20. The Confirmation Order contained an exculpation clause that exculpated certain parties from liabilities. Confirmation Order at 7-8 of 129.

21. The Confirmation Order provided that the stay of the Confirmation Order would terminate on March 13, 2023. *Id.*, ¶ 124 at 54 of 129. The Bankruptcy Court later extended the stay until March 15, 2023. Order Extending Stay, Dkt. No. 1169.

22. On March 9, 2023, the Debtors filed the Sixth Amended Plan Supplement, which included as an exhibit the Plan Administrator Agreement. Dkt. No. 1161.

23. On March 9, 2023, the Government filed a notice of appeal. Dkt. No. 1165.

24. On March 14, 2023, the Government filed a motion for a stay pending appeal in the Bankruptcy Court (the "Bankruptcy Court Stay Motion"). Dkt. 1182.

25. On March 15, 2023, the Bankruptcy Court held a hearing on the Bankruptcy Court Stay Motion and issued a decision and order denying the motion. Dkt. 1190.

26. The Bankruptcy Court, with the agreement of the parties, further extended the stay through 5:00 pm on March 20, 2023, to allow sufficient time for this Court to consider the present stay motion. Dkt. No. 1188, ¶ 1.

## NATURE OF THE EMERGENCY

27. When the confirmation of a chapter 11 plan is on appeal, the Second Circuit Court of Appeals places the onus on appellants to take "all appropriate steps to secure judicial relief." *In re MPM Silicones, LLC*, 874 F.3d 787, 805 (2d Cir. 2017). As stated by the Second Circuit, if an appellant fails to seek a stay of a confirmation order with sufficient diligence and urgency, he bears the "uncertainty" that events may overtake his appeal. *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 145 (2d Cir. 2005).

28. While the Government maintains that this appeal—which raises significant issues of public interest —should not be at risk due to any actions the Debtors takes in furtherance of the plan, they understand that courts may disagree with their position. Accordingly, they are acting expeditiously to maintain the status quo pending this appeal, thereby preserving their appellate rights.

29. To that end, the Government sought stay relief on an expedited basis before the Bankruptcy Court to keep the status quo before the implementation of the plan.  The Bankruptcy Court, however, denied a stay pending appeal and provided only a temporary stay until Monday, March 20, 2023, to allow this Court to address the Government's stay request. Dkt. No. 1188 at ¶ 1.

30. A stay is particularly necessary here where Debtors are actively moving to consummate the plan as quickly as possible.  Counsel for the parties previously represented that they would seek to consummate the plan "expeditiously" or "as quickly as possible." March 7 Hearing Transcript, at 34-35. Counsel for the Debtors also stated that the Debtors intended to seek dismissal of the stay motion on equitable mootness grounds.  March 15 Hearing Transcript, at 34:16-20.

31. Should the Debtors proceed to implement the plan (if the stay is not extended) and use that fact to successfully argue for equitable mootness of this appeal, there is a substantial risk that appeal will not vindicate the Government's interests in enforcing the law. Accordingly, implementation of the plan before this appeal is heard on the merits and the attendant risk of equitable mootness creates irreparable harm justifying a stay.

32. The Government thus respectfully asks this Court to enter an (1) an immediate administrative stay pending decision on this motion, and (2) a stay of the Confirmation Order (or, at a minimum, of the Exculpation Provision) pending appeal. If this Court grants no other relief, the Government further requests a two-week administrative stay to allow time to determine whether to seek relief in the Second Circuit and for the Second Circuit to address any such stay motion.

## COMPLIANCE WITH NOTICE REQUIREMENTS

33. Pursuant to Federal Rule of Bankruptcy Procedure 8013(d), opposing counsel has been notified of the Government's intention to seek an emergency stay pending appeal on an expedited basis by email this morning.

## EXHIBITS

34. The Government respectfully submits true and correct copies of the following exhibits for the Court's consideration in connection with this motion:

- Exhibit A: The Amended Order (1) Approving the Second Amended Disclosure Statement and (II) Confirming the Third Amended Joint Plan of Voyager Digital Holdings, Inc., and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, Dkt. No. 1159.
- Exhibit B: Decision and Order Denying the Government's Motion for a Stay of the Confirmation Order Pending Appeal, Dkt. No. 1190
- Exhibit C: Transcript of Bankruptcy Court hearing dated March 3, 2023.

- Exhibit D: Transcript of Bankruptcy Court hearing dated March 7, 2023.
- Exhibit E: Transcript of Bankruptcy Court hearing dated March 15, 2023.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 17, 2023

/s/ Lawrence H. Fogelman
Lawrence H. Fogelman
Assistant United States Attorney