Darren Azman
Joseph B. Evans
**MCDERMOTT WILL & EMERY LLP**
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone:      (212) 547-5400
Facsimile:      (212) 547-5444

Charles R. Gibbs (*pro hac vice* forthcoming)
Grayson Williams (*pro hac vice* forthcoming)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street
Dallas, Texas 75201-1664
Telephone:      (214) 295-8000
Facsimile:      (972) 232-3098

Gregg Steinmann (*pro hac vice* forthcoming)
**MCDERMOTT WILL & EMERY LLP**
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131-2184
Telephone:      (305) 329-4473
Facsimile:      (305) 503-8805

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 23-cv-2171 (JHR) |
| | ) | 22-bk-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES BANKRUPTCY COURT |
| | ) | FOR THE SOUTHERN DISTRICT |
| | ) | OF NEW YORK |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MEMORANDUM**
**IN SUPPORT OF ITS MOTION FOR LEAVE TO INTERVENE IN APPEAL**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

Pursuant to Fed. R. Civ. P. 24 and Fed. R. Bankr. P. 8013(g), the Official Committee of Unsecured Creditors ("Committee") of Voyager Digital Holdings, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submits this Memorandum (the "Memorandum") to the Court for entry of an order substantially in the form of Exhibit A attached to the Committee's Motion to Intervene, allowing the Committee to intervene in the above-captioned appeal.  The Debtors and the Government consent to the Committee's intervention. In support of the Motion, the Committee respectfully represents as follows:

## PRELIMINARY STATEMENT

The Committee was appointed by the U.S. Trustee to represent the interests of the unsecured creditors of the Debtors in the underlying bankruptcy case. These creditors are primarily retail customers of the Debtors who were users of the Debtors' platform and have been unable to access their cryptocurrency stored on the platform since the Debtors filed for bankruptcy in July 2022.  The stay requested by the Government in this appeal threatens to harm the interests of those customers, including their significant financial interest valued at hundreds of millions of dollars in cryptocurrency. On May 7, 2023, the bankruptcy court approved a Plan that will enable these customers to recover a substantial percentage of their assets. The Government requested a stay of the Plan after issuance of the confirmation order, a request that the bankruptcy court denied.  The Government now seeks to prevent creditor recovery by asking this court to impose a stay that will, unquestionably, cause these customers great harm. The imposition of a stay will almost certainly deplete the amount of recovery available to creditors. It will further harm creditors by delaying customer distributions, and many of these customers are dependent on those assets to support their livelihood. The Committee has participated actively in every stage of these proceedings. As a crucial participant, it should be permitted to intervene in this appeal.

**PROCEDURAL HISTORY**

On July 5, 2022 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On July 19, 2022, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102(a)[2].

Over the next several months, the Debtors underwent a sale process. The bankruptcy Court subsequently signed the *Corrected and Amended Order (I) Approving the Second Amended Disclosure Statement and (II) Confirming the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Bankr. Docket No. 1166] (the "Confirmation Order"), which confirmed the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code[3]* (as subsequently amended, modified, or supplemented, the "Plan").

On March 10, 2023, the Government filed a notice of appeal (the "Appeal") of the Confirmation Order.[4] Pursuant to paragraph 124 of the Confirmation Order, the stay of the Confirmation Order was to terminate at the end of the day on March 13, 2023.[5] On March 11, 2023, the Bankruptcy Court entered an order extending the stay of the Confirmation Order to March 15, 2023 at 5:00 p.m.[6]

On March 14, 2023, at 8:58 p.m., the Government filed the Original Stay Motion.[7] On March 15, 2023, the Debtors and the Committee filed their oppositions to the Original Stay

---

[2]    *See* Bankr. Docket No. 102.

[3]    *See* Bankr. Docket No. 1138.

[4]    *See* Bankr. Docket No. 1165.

[5]    *See* Confirmation Order, ¶ 124.

[6]    *See Order Extending the Stay of the Confirmation Order* [Bankr. Docket No. 1169].

[7]    *See Notice of Expedited Motion for Stay Pending Appeal* [Bankr. Docket No. 1181] and the *Memorandum in Support of the United States of America and United States Trustee's Expedited Motion for Stay of Confirmation Order Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007* [Bankr. Docket No. 1182] (the "Original Stay Motion").

Motion.[8] The Court held a hearing on the Original Stay Motion on March 15, 2023.  Following the hearing, the Court issued its Stay Decision. As part of the Stay Decision, the parties agreed to extend the stay of the Confirmation Order through Monday, March 20, 2023.

On March 17, 2023, the Government filed the Motion in the United States District Court for the Southern District of New York (the "Court") and requested that the Motion be heard no later than 5:00 p.m. on Monday, March 20, 2023.[9] Contemporaneously therewith, the Government also filed (a) the *Declaration of Lawrence H. Fogelman in Support of the Government's Emergency Motion for a Stay Pending Appeal*; (b) its *Ex Parte Motion for an Order Shortening Notice and Scheduling Hearing with Respect to the Appellants' Emergency Motion for a Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007*; and (c) a letter requesting leave for the Government to exceed the word limit set forth by Federal Rule of Bankruptcy Procedure 8013(f)(3)(A).

The Committee has been actively and extensively involved in the proceedings in this case from the time of its appointment through the present.

## INTERVENTION IS APPROPRIATE

"The Bankruptcy Code . . . permits a creditor to intervene in a pending appeal. *See* FED. R. BANKR. P. 8013(g)." *Official Comm. of Unsecured Creditors v. Constellation Enters. LLC* (*In re Constellation Enters. LLC*), 587 B.R. 275, 285 (D. Del. 2018); *see Ad Hoc Grp. of Second Lien Creditors v. La Paloma Generating Co., LLC* (*In re La Paloma Generating Co.*), No. 1:17- CV-1697, Lender's Mot. at 5, Order at 1 (D. Del. Jan. 10, 2018), Dkt. 8, 14 (granting first-lien lender's FED. R. BANKR. P. 8013(g) motion to intervene (as well as the official

---

[8]   *Memorandum of Law in Opposition to the Government's Motion to Stay* [Bankr. Docket No. 1186]; *Opposition of the Official Committee of Unsecured Creditors to Motion for Stay Pending Appeal* [Bankr. Docket No. 1187].

[9]   The Emergency Motion requests that argument be heard so this application can be decided "no later than 5:00pm on Monday, March 17, 2023, when the current stay of the Confirmation Order expires." Emergency Motion, at 2. The Committee assumes that this is a scrivener's error and that the Government is requesting argument on Monday, March 20, 2023.

committee of unsecured creditors' similar motion) in chapter 11 case involving "the sale of Debtor assets to an affiliate of [that lender] pursuant to a credit bid"); *Statutory Unsecured Claimholders' Comm. Of Caesars Entm't Operating Co. v. Caesars Entm't Operating Co.*, Case No. 15-cv-04362 (N.D. Ill. June 18, 2015), Dkt. 16 (granting FED. R. BANKR. P. 8013(g) motion of first lien notes committee, first lien notes trustee, and ad hoc bank lender committee); *In re Latam Airlines Grp. S.A.,* No. 22CV5891 (DLC), 2022 WL 3100756 (S.D.N.Y. Aug. 4, 2022) (granting requests for intervention when, like here, "As parties in interest to the underlying bankruptcy, the movants possess financial interests in the outcome of the appeal. These interests include both the movants' total recoveries under the bankruptcy plan and the overall feasibility of the plan should appellant secure its requested relief."). Factors relevant in determining whether a creditor may intervene in an appeal include "the movant's interest, the grounds for intervention, whether intervention was sought in the bankruptcy court, why intervention is being sought at this stage of the proceeding, and why participating as an amicus curiae would not be adequate." FED. R. BANKR. P. 8013(g).

*Movant's Interest.*     The Committee has a direct financial interest in this case. It is tasked with representing the interests of all unsecured creditors, each of which would be harmed by this proposed stay. The Plan Confirmation Order allows these customers to recover their crypto, which they have been unable to access since the Debtors filed for bankruptcy in July 2022.

*Grounds for Intervention.*     The Committee's grounds for intervention are that the Orders involved in the appeal directly affect the Committee's ability to recover its cryptocurrency pursuant to the Plan Confirmation Order and also the related rights the Committee voted for in voting to approve the Plan. The retail customers represented by the Committee have a direct financial interest in the consummation of the sale transaction governed by the Plan. *See Williams v. Samson Res. Corp.* (In re Samson Resources), Case No. 15-11934-

BLS, Civ. No. 18-84-RGA, 2018 WL 4658212, at *1 & n.2 (D. Del. Sept. 27, 2018) (granting

settlement trust's FED. R. BANKR. P. 8013(g) motion to intervene in appeal of order rejecting

appellant's claim because the settlement trust represented "holders of allowed general

unsecured claims" and had "participated in litigation of these issues before the Bankruptcy

Court").

*Intervention in Court*. The Committee was an active participant in the Bankruptcy

Court with respect to the Order relevant to the Appeal. The Committee actively opposed the

Government's request for a stay in the bankruptcy court. The Committee was appointed by the

U.S. Trustee on July 19, 2022 and has since been actively involved in these proceedings.

Moreover, the Committee actively participated in the proceedings to approve the Plan.

*Intervention at This Stage.*     The Committee is seeking intervention at this stage of

the proceeding because granting the Government's request for a stay would substantially harm

the Committee.  As described fully in the Committee's *Opposition to Stay Pending Appeal*, the

requested stay would, if granted, alter the court-approved sale process in which the Committee

has a substantial economic interest, causing great harm to the Committee.

***Amicus Curiae Inadequate****.* The Committee's participation as *amicus curiae* would not

be appropriate because the Committee seeks to protect its own interests under Plan and

exculpation clause. Appearing before this Court as *amicus curiae* would put substantial

limitations on the Committee's ability to defend its rights.[10]

---

[10] However, should this Court deny the Committee's Motion, the Committee respectfully requests leave to file an *amicus* brief as permitted under Rule 8017 of the Federal Rules of Bankruptcy Procedure for the reasons set forth above. *See* FED. R. BANKR. P. 8017.

**RELIEF REQUESTED**

WHEREFORE, the Committee respectfully requests that this Court (a) enter an order granting the Committee's Motion, and (b) grant such other and further relief as is just and proper.

Dated:  New York, New York       **MCDERMOTT WILL & EMERY LLP**
March 20, 2023

/s/ Darren Azman
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
E-mail: dazman@mwe.com
E-mail: jbevans@mwe.com

and

Charles R. Gibbs (*pro hac vice* forthcoming)
Grayson Williams (*pro hac vice* forthcoming)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
E-mail: crgibbs@mwe.com
E-mail: gwilliams@mwe.com

and

Gregg Steinman (*pro hac vice* forthcoming)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805
E-mail: gsteinman@mwe.com

*Counsel to the Official Committee
of Unsecured Creditors of
Voyager Digital Holdings, Inc., et al*