Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Michael B. Slade (admitted *pro hac vice*)
Richard U.S. Howell (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 N. LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | Case No. 23-cv-2171 |
| | 22-bk-10943 (MEW) |
| Debtors. | (Jointly Administered) |
| | ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK |

**DEBTORS' STATEMENT REGARDING GOVERNMENT'S REQUEST FOR ADMINISTRATIVE STAY**

Voyager Digital Holdings, Inc. and its affiliated Debtors ("Voyager" or the "Debtors") respectfully submit this statement in response to the Government's request for an "administrative stay" until Wednesday, March 29 at 5 pm EST and the Court's email regarding submission of written statements responding to the same.

Following the Court's March 23, 2023 hearing on the Government's Motion for Stay Pending Appeal [Dkt No. 4], the Government asked the Debtors to agree to an additional "administrative stay" until Wednesday, March 29 at 5 pm EST so that the Government can "prepare" its appeal of this Court's decision to the Second Circuit. Voyager objects to the Government's request for this stay. Voyager will agree to continue the existing stay from its current expiration of Friday, March 24, 2023 at 3 pm CST to Monday, March 27, 2023 at 5 pm EST. That extension is more than enough time to receive the expedited transcript of the Court's March 23, 2023 hearing, which Debtors requested immediately after the conclusion of that hearing. Anything beyond that extension is not necessary or warranted here.

The Government's request for an administrative stay is simply a repackage of its broader request for a stay pending appeal, without any of the work required to meet the heavy burden of a stay pending appeal, and without any evidence offered by the Government to substantiate the need for such a stay. The Government has had over two weeks under the Bankruptcy Court's stay, which is more than enough time to put together whatever papers it needs for further appellate review. The Government has indicated several times in the past two weeks that it will appeal to the Second Circuit should this Court deny its motion. The Government thus could not possibly be suddenly caught off guard by the need to prepare papers for that appeal. This is particularly true given that the issues presented to the Second Circuit will be exactly the same as the issues that the Government presented to this Court in its Motion for Stay and Reply in Support of Stay Pending

Appeal [Dkt. No. 29], which—notably—the Government filed *the day before* its filing deadline. (*Id*.) The Government has shown it can be expedient here. The Government's additional requested stay is not necessary. Moreover, the Government has had ample time during the current stay—and indeed, the length of the chapter 11 proceedings—to articulate precisely what laws the Government believes they are precluded from enforcing. The Government cannot continue to keep the Debtors, the court system, and Voyager's creditors in limbo while the Government tries to determine a position that it has had months to work out.

In addition, the Government's requested administrative stay would further postpone the relief due to Voyager customers. Over one million Voyager customers have been waiting to receive their cryptocurrency since last July, when Debtors first entered chapter 11 proceedings. As the Bankruptcy Court correctly found based on the evidence: "Every delay in these cases means that further expenses will be incurred, which just further reduces creditor recoveries.  The automatic stay and other provisions of the Bankruptcy Code have had the effect of delaying customers' access to their investments since July 2022, and many of those customers invested significant portions of the life savings or retirement savings in cryptocurrencies held by the Debtors." (Dkt. No. 5-2, Ex. B to Fogelman Decl., Stay Opinion at 17.)

But every day of delay does not just mean more waiting for Voyager's customers, it also means less recoveries. The crypto market is volatile and has only been further strained by recent mass liquidation events and numerous crypto firm bankruptcies, as the Government recognized in its Motion to Stay.  (Dkt 4 at ¶¶ 16, 80.)  To maximize creditor returns, the Debtors' experts must rebalance the assets in a way that minimizes market disruption. The Government's requested administrative stay would further lock these assets in place—the creditors would lose out on the benefit of planned rebalancing and the Debtors' work would be halted yet again.

Moreover, the administrative stay that the Government requests would require that the Debtors extend their retention of advisors and other third-party professionals and incur still more fees and operating costs, and the Debtors are burning more than $10 million per month. These expenses cannot be avoided, and the Government's requested stay would expand them. Every dollar spent on these efforts reduces customer recoveries.

Finally, each day of additional stay threatens the Binance.US deal, which has a drop-dead date that is quickly approaching. As the Bankruptcy Court found, "[A] loss of the Binance.U.S. transaction would lead to a reduction of approximately $100 million in the assets available for distribution to the creditors." (Dkt. No. 5-2, Ex. B to Fogelman Decl., Stay Opinion at 17.)

For these reasons, the Debtors respectfully request that the Court deny the Government's request for an administrative stay.

| | |
|---|---|
| Dated:  March 23, 2023<br>New York, New York | /s/ Joshua Sussberg<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:           jsussberg@kirkland.com<br>                      cmarcus@kirkland.com<br>                      christine.okike@kirkland.com<br>                      allyson.smith@kirkland.com<br><br>Michael B. Slade (admitted *pro hac vice*)<br>Richard U.S. Howell, P.C. (admitted *pro hac vice*)<br>300 N. LaSalle Drive<br>Chicago, IL 60654<br>Telephone:   (312) 862-2000<br>Fascimile:    (312) 862-2200<br>Email:           mslade@kirkland.com<br>                      rhowell@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

4