**mwe.com**

Joseph B. Evans
Partner
jbevans@mwe.com
+1 212 547 5767

March 23, 2023

**VIA ECF**

The Honorable Jennifer H. Rearden
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007

Re:   *In re: Voyager Digital Holdings, Inc., et al.*, No. 23-cv-2171

Dear Judge Rearden:

      We represent the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al. (the "UCC").  We write in response to the Government's request for an "Administrative Stay."  The UCC objects to any further delay.

      The UCC is primarily comprised of retail customers who badly need the return of their crypto.  At great expense to Voyager's creditors, the Government is embarking on a policy-driven appellate tour to "preserve" some right to prosecute professionals who are obligated to execute crypto transactions pursuant to the plan of reorganization (the "Plan"), which was Ordered by the Honorable Judge Michael E. Wiles of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  As Judge Wiles appropriately recognized, the Government's argument is "merely hypothetical" and no actual harm would befall the Government if Voyager's creditors were able to receive their crypto.  *See In re: Voyager Digital Holdings, Inc., et al.*, No. 22-10943, ECF No. 1190 (denying motion to stay).  Just like Judge Wiles denied the Government's motion to stay, the Government's efforts to seek an administrative stay should be denied.

      "An appellate court's power to hold an order in abeyance while it assesses the legality of the order" is constrained by the four factors that govern the issuance of a stay.  *See Nken v. Holder*, 556 U.S. 418 (2009).  Courts in this district reject administrative stay requests where movants fail to meet the *Nken* test.  *See, e.g., United States CFTC v. eFloorTrade, LLC*, 2020 U.S. Dist. LEXIS 81153, at *3 (S.D.N.Y. 2020) (applying *Nken* and denying administrative stay request); *Texas v.*



One Vanderbilt Avenue   New York NY 10017   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

Letter to the Hon. Jennifer H. Rearden
March 23, 2023
Page 2

*Penguin Grp. (USA) Inc. (In re Elec. Books Antitrust Litig.)*, 2014 U.S. Dist. LEXIS 57473, at *9 (S.D.N.Y. 2014) (same).  For the reasons set forth in the UCC's opposition brief, the Government failed to meet the *Nken* test and the administrative stay request should be denied.

      The Government's efforts to preserve "hypothetical" rights should not cost the creditors any longer.  *See In re: Voyager Digital Holdings, Inc., et al.*, No. 22-10943, ECF No. 1190 ("The harm that a stay would pose to the Debtors, and their constituents, is quite significant and immediate . . . As noted above  a stay would adversely affect many thousand customers.").  If the Government desires to make policy decisions on crypto, it should do so at its own expense and timeline.  It should not be at the expense of over a million retail creditors whose crypto has already been locked up for 261 days.  Every day the effective date of the Plan is delayed it costs creditors.  Voyager's creditors cannot wait any longer. Accordingly, we respectfully submit that the Government's last-ditch effort to seek an administrative stay should be denied.[1]

      Sincerely,

      Joseph B. Evans

CC:    Darren Azman (dazman@mwe.com)
          All parties (via ECF)

---

[1] The Government asked the Debtors to consent to an administrative stay until Wednesday, March 29, 2023.  The Debtors offered to consent to an administrative stay until Monday, March 27, 2023.  The Government refused and notified the Court that it needed a hearing on this subject.  The UCC did not consent to any administrative stay.



One Vanderbilt Avenue   New York NY 10017   Tel +1 212 547 5400   Fax +1 212 547 5444

US practice conducted through McDermott Will & Emery LLP.