```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   In Re:  VOYAGER DIGITAL
     HOLDINGS, INC.,
 4
                 v.                              23 Civ. 2171 (JHR)
 5
                                                 Remote Conference
 6   ------------------------------x
                                                 New York, N.Y.
 7                                               March 19, 2023
                                                 9:00 p.m.
 8
     Before:
 9
                      HON. JENNIFER H. REARDEN,
10
                                                 District Judge
11
                              APPEARANCES
12
     US ATTORNEY'S OFFICE
13        Attorneys for Appellant United States of America
     BY:  LAWRENCE H. FOGELMAN
14        JEAN-DAVID BARNEA
          LINDA A. RIFFKIN
15        PETER M. ARONOFF
          RICHARD C. MORRISSEY
16
     KIRKLAND & ELLIS LLP
17        Attorneys for Debtor Voyager Digital Holdings, Inc.
     BY:  MICHAEL SLADE
18        CHRISTINE A. OKIKE

19   MCDERMOTT, WILL & EMERY, LLP
          Attorneys for Official Committee of Unsecured Debtors
20   BY:  DARREN T. AZMAN

21

22

23

24

25

                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

1            (The Court and all parties present remotely)

2            (Case called)

3            THE DEPUTY CLERK:  This is a reminder that this is a public proceeding, members of the public and press are able to access the proceeding with a public dial in number.  All participants are reminded that any recording or rebroadcasting of this proceeding is strictly prohibited.

8            You can go ahead, Judge.

9            THE COURT:  Thank you.

10           Good evening, everybody, and thank you for joining.  I do not think we need to be together long.  If anybody wants to be heard, please state your name, since we're on the phone tonight and not looking at each other on a Teams meeting, I think that would be the best way to go.

15           I am not holding this conference to hear arguments on the government's stay application or on the underlying appeal, and I'm not making any findings tonight.  We are here on account of the government's emergency stay application, which was filed at the end of the day on Friday.  At this point, there have been no business hours to work on this application, and the stay is set to expire in about 20 hours.

22           As the government itself recognized in one of its papers, this case, which is many months old, but new to the district court has a complex procedural history and presents several important statutory and constitutional arguments.

1        So far, we have a brief from the government that is
2   more than twice the length allowed by the federal rules of
3   bankruptcy procedure, we have a forthcoming brief from the
4   debtors and a record of orders, decisions and transcripts from
5   the bankruptcy proceedings in the hundreds of pages, at a
6   minimum.  What I would like you to do is meet-and-confer and,
7   by 10:00 a.m., tomorrow submit a proposal to extend the stay on
8   consent to give this court an opportunity to review and
9   consider this motion.
10       I'm not finding that a stay is warranted or not
11  warranted -- I'm not making any finding -- solely that it's
12  necessary to have an extension of the stay to give the Court
13  sufficient time to review and analyze.  And this is going to be
14  without prejudice to further extensions and dissolution or
15  modifications.
16       So with that, I'll pause for a moment and see if
17  anyone has any questions.
18       MR. SLADE:  Your Honor, I apologize, this is Mike
19  Slade for the debtors.  How are you?
20       THE COURT:  Hi.
21       MR. SLADE:  So I think I have to talk to my colleagues
22  and the client, the buyer, obviously, because we need to close
23  this transaction.  We're planning on closing sometime this
24  coming week.  But I guess I would like to know from your Honor
25  what you think is realistic for what time you would need.

1  Because obviously, the debtors and all of the customers of the
2  debtors need to get this resolved as soon as possible.  So
3  we're planning on filing our brief either really late tonight
4  or first thing tomorrow morning, according to the email that
5  your Honor sent around last night, but I don't want to
6  prejudice myself or anybody else who is on the phone that has
7  an interest in the case.  So I guess I would just want --
8  before meeting and conferring with my colleagues -- I would
9  want to get your Honor's guidance for how much time you think
10 you need, at least just to review the government's submission.
11          THE COURT:  To review the government's submission, to
12 review your submissions -- I don't know if the government is
13 going to want to reply -- to look at the record, anything we
14 think we might need, of course this is intertwined somewhat
15 with the merits, I mean, I think we need a week.  Judge Wiles
16 expressed concern as long ago as March 7th about the district
17 court having sufficient time to review, and this is not that.
18          MR. SLADE:  I hear that, your Honor.  We'll have to
19 confer with the rest of the group.
20          I mean, we weren't the ones that waited ten days to
21 file it late in the afternoon on Friday afternoon.  So we're
22 just trying to make the best of the situation for the debtors
23 and the customers of the debtor.
24          When would you like us to get back to you?  Did you
25 say tomorrow at 10:00 o'clock in the morning?

1          THE COURT:  Yes, unless you tell me you need until
2   11:00 or something.  With the stay set to expire at 5:00 p.m.
3   and me not knowing what you all are doing, I'm trying to allow
4   a little time after I hear from you to figure out where we're
5   going tomorrow.  So I would like 10:00 o'clock, if it's at all
6   possible for you in the next 12 hours to figure out what you
7   can do and come back to me with.
8          MR. SLADE:  Okay, your Honor.  We'll meet-and-confer
9   tonight.
10          As I mentioned this afternoon, I'm in court tomorrow
11   morning.  But I will try to talk with the other lawyers and get
12   back to you as soon as possible.
13          THE COURT:  I saw that.  Is that at 10:00 a.m.?
14          MR. SLADE:  That's right.
15          THE COURT:  Well, then that's probably sort of a
16   cutoff for you anyway.
17          MR. SLADE:  Your Honor, this is critical for the
18   debtors.  I mean, if this doesn't get done, then I think it is
19   a bad day, a bad month, a bad six months for the company and
20   all of its customers.  So we will do it tonight.
21          THE COURT:  And your brief, I assume, is going to lay
22   that out; right?  Because I know, at this point, nothing about
23   that.
24          MR. SLADE:  That's right.
25          THE COURT:  Okay.

1       MR. AZMAN:  Your Honor, it's Darren Azman from
2   McDermott, Will & Emery for the committee.  I know you are not
3   asking for any argument, and I am not going to give you any
4   argument obviously this evening.  But one, I would echo what
5   Mr. Slade said.  Our committee represents the interests of a
6   million customers who lost more than $1.8 billion of crypto,
7   and this plan is designed to get them back that crypto.  And so
8   time is important here.
9       And I would reiterate what Mr. Slade said, it is the
10  government that waited its time to file this brief.  And so I
11  understand your Honor needs to have some time to read the
12  briefing, but there isn't a whole lot of time we have to just
13  keep waiting, because customers are unable to pay their
14  mortgages, they have lost their wedding funds.  This is a
15  million customers that we're talking about that lost a lot of
16  their money.
17       THE COURT:  I hear you, and we will move as quickly as
18  we possibly can.
19       MR. AZMAN:  Okay.
20       THE COURT:  Go ahead.  I was going to go in a
21  different direction.
22       MR. AZMAN:  I was going to ask Larry Fogelman if he
23  could call me on my cell phone and we could chat right after
24  this conference?
25       MR. FOGELMAN:  Absolutely.

1    THE COURT:  Just two quick questions before we
2    adjourn.  I noticed reference to a brief oral argument that was
3    held by Judge Wiles on March 6th in regard to the government's
4    objection to the confirmation plan.  I don't think that a
5    transcript of that portion of the proceedings has been
6    provided.  I'm not sure, but I don't think so.  I would like to
7    have the transcripts of the confirmation proceeding in their
8    entirety if someone could --
9    MR. SLADE:  Your Honor, we do intend to provide that
10   along with our responsive brief.
11   THE COURT:  Thank you.  That would be helpful.
12   Also, if the transcript of this proceeding could be
13   ordered, that would be helpful to me as well.
14   MR. SLADE:  What do you mean by "this proceeding,"
15   tonight's proceeding?
16   THE COURT:  This conference, yes, because we have a
17   court reporter with us tonight.
18   MR. SLADE:  Yes.  We will order that.  No problem.
19   THE COURT:  Thank you.  Thank you all for joining
20   tonight.  And with that, we're adjourned.  And we'll look for
21   the debtor's submission overnight and for something from you
22   jointly in the morning.  We're adjourned.
23   (Adjourned)