

mwe.com

Paul W. Hughes
Attorney at Law
phughes@mwe.com
+1 202 756 8981

June 8, 2023

VIA ECF

Hon. Jennifer H. Rearden
United States District Judge
United States Court House
500 Pearl Street
New York, New York 10007
ReardenNYSDChanbers@nysd.us.courts.gov

Re:   *In re Voyager Digital Holdings, Inc.*, No. 23-cv-2171, Notice of Supplemental Authority

Judge Rearden:

Pursuant to Federal Rule of Bankruptcy Procedure 8014(f), Intervenor respectfully submits the Second Circuit's May 30, 2023, decision in *In re Purdue Pharma L.P.*, No. 22-110, 2023 WL 3700458 (2d Cir.), as pertinent and significant authority bearing on the issues before the Court on appeal. A copy of the opinion is attached as **Exhibit A**.

Throughout this litigation, the United States has consistently argued that the bankruptcy court lacked statutory authority to approve the Exculpation Provision, which the Government characterizes as "merely a subspecies of [third-party] release." D.I. 4 at 20-23; *see also* D.I. 59 at 23-29 (citing the district court decision underlying *Purdue*). But in *Purdue*, the Second Circuit expressly rejected the premise of the Government's argument, holding that Sections 105 and 1123 of the Bankruptcy Code together allow the bankruptcy court to impose nonconsensual third-party releases of liability. *Purdue*, slip op. at 42, 53-56. This is the same statutory authority that Intervenor cited as the authority for the bankruptcy court's actions here. D.I. 66 at 25-26.

If, as the Second Circuit held, the Bankruptcy Code authorizes third-party releases, then it necessarily also authorizes exculpation clauses, which represent a more modest assertion of power by the bankruptcy court. And that is especially clear given the Second Circuit's express reliance on *In re Airadigm Commc'ns, Inc.*, 519 F.3d 640, 655 (7th Cir. 2008) (*see Purdue*, slip op. at 53, 55-56), in which



500 North Capitol Street, NW   Washington DC 20001-1531   Tel +1 202 756 8000   Fax +1 202 756 8087

*US practice conducted through McDermott Will & Emery LLP.*

Paul W. Hughes
June 8, 2023
Page 2

the court affirmed the confirmation of an exculpation provision that applied to a government agency, and upon which the parties here have relied.

Best regards,

Paul W. Hughes
*Counsel to Paul R. Hage, in his capacity as Plan Administrator of Voyager Digital Holdings, Inc., et al.*

