**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

George W. Hicks, Jr. P.C.
To Call Writer Directly:
+1 202 389 5031
george.hicks@kirkland.com

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

+1 202 389 5000

www.kirkland.com

Facsimile:
+1 202 389 5200

June 8, 2023

**BY ECF & ELECTRONIC MAIL**

Hon. Jennifer H. Rearden
United States District Judge for the Southern
District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007
ReardenNYSDChambers@nysd.us.courts.gov

Re:   *United States et al. v. Voyager Digital Holdings et al.*, No. 23 Civ. 2171 (JHR) (Bankruptcy Appeal) - Citation of Supplemental Authority Pursuant to Federal Rule of Bankruptcy Procedure 8014(f)

Dear Judge Rearden:

I write to call the Court's attention to *In Re Purdue Pharma L.P.*, ___ F.4th ___, 2023 WL 3700458 (2d Cir. May 30, 2023). In *Purdue*, the Second Circuit reversed the district court and upheld nonconsensual third-party releases of claims against non-debtors. The government here repeatedly relies on the district court decision in *Purdue*. *See* Gov.Br.23, 25, 27, 28. The Second Circuit's reversal of that decision is thus significant for several reasons.

First, the government argues that the Bankruptcy Code does not authorize third-party releases, which in its view include exculpation provisions such as the one at issue here. *See id.* at 43. In support, the government contends that neither Section 1123(b)(6) nor Section 105(a) permits third-party releases. *See id.* at 25, 27. In *Purdue*, however, the government made that same argument, which the Second Circuit rejected: "[W]e now explicitly … conclude that §1123(b)(6), with §105(a), permit bankruptcy courts' imposition of third-party releases[.]" Op.54. Because exculpation provisions are on even firmer legal ground than third-party releases, *see* Debtors.Br.6-7, 30-31 (explaining that even courts that reject third-party releases accept exculpation provisions), the Second Circuit's holding in *Purdue* establishes *a fortiori* that the Code authorizes exculpation provisions.

Second, the government insists that unless the Code "expressly" authorizes exculpation provisions, they are impermissible. Gov.Br.3. The Second Circuit rejected a similar argument

## KIRKLAND & ELLIS LLP

Hon. Jennifer H. Rearden
June 8, 2023
Page 2

as "unpersuasive" in *Purdue*: "[W]here Congress has limited the powers of the bankruptcy court, it has done so clearly—for example, by expressly limiting the court's power or by creating requirements for plan confirmation." Op.51, 56. For the reasons explained in Debtors' brief, the Code's text and structure plainly allow exculpation provisions. But at a minimum, Congress has not "clearly" limited a bankruptcy court's power to approve such provisions.

And third, the Second Circuit's decision repeatedly follows the Seventh Circuit's analysis from *In re Airadigm Commc'ns, Inc.*, 519 F.3d 640 (7th Cir. 2008). *See* Op.53, 55-56. Yet as the government concedes, *Airadigm* "expressly appl[ied] exculpation to a Government agency." Gov.Br.43. *Purdue*'s embrace of *Airadigm* thus provides additional support for the bankruptcy court's approval of the exculpation provision here.

Sincerely,

/s/ George W. Hicks, Jr.
George W. Hicks, Jr. P.C.

*Counsel to the Debtors*

cc:   All parties (by ECF)