

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 31, 2023

**BY ECF**
Hon. Jennifer H. Rearden
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *United States et al. v. Voyager Digital Holdings, Inc. et al.*,
              No. 23 Civ. 2171 (JHR) (Bankruptcy Appeal)

Dear Judge Rearden:

      Together with counsel for the appellees, I write respectfully on behalf of the United States of America and William K. Harrington, the United States Trustee for Region 2 (together, the "Government"), the appellants in the above-referenced bankruptcy appeal, in response to the Court's August 14 Order, ECF No. 77, directing the parties to submit a joint letter "updating the Court on the status of this matter," including "any pertinent information related to the Bankruptcy Court proceedings," and providing "proposed next steps."

      **Bankruptcy court proceedings.**  Voyager's liquidating plan went effective on May 19, 2023.  Since then, and while the government's appeal has been pending, the Plan Administrator proposed and the Bankruptcy Court approved liquidation procedures, and the Voyager estate has been making distributions to creditors.  Appellees are unaware of any federal or state governmental party that has objected to or challenged the Plan Administrator's actions.  The Plan Administrator has also been pursuing claims objections and has been in mediation with FTX.

      **Developments in the *Purdue* case; proposal to defer decision.** The parties previously advised the Court of the Second Circuit's decision in *In re Purdue Pharma L.P.*, 69 F.4th 45 (2d Cir. 2023). The appellees argued the Second Circuit's decision supports their position in this appeal. *See* ECF Nos. 74-75. In response, the Government argued that the holding of *Purdue* did not compel affirmance of the bankruptcy court's order. *See* ECF No. 76. Three weeks ago, the Supreme Court both granted certiorari and recalled and stayed the Second Circuit's mandate. *See Harrington v. Purdue Pharma L.P.*, __ S. Ct. __, 2023 WL 5116031 (Aug. 10, 2023) (granting certiorari on the question: "Whether the Bankruptcy Code authorizes a court to approve, as part of a plan of reorganization under Chapter 11 of the Bankruptcy Code, a release that extinguishes claims held by nondebtors against nondebtor third parties, without the claimants' consent."). The Court directed that the case would be heard in its December sitting. *Id.*

      *Appellants' position.* The Government respectfully suggests that it would be most efficient for this Court to defer decision in this appeal until after the Supreme Court decides *Purdue*. The Supreme Court only stays a court of appeals' mandate where, among other things, there is "a fair prospect that [it] would reverse" the decision being reviewed. *Merrill v. Milligan*,

142 S. Ct. 879, 880 (2022) (Kavanaugh, J., concurring). If the Supreme Court reverses the Second Circuit and holds that third-party releases are not authorized by the Bankruptcy Code, that ruling would strongly support the Government's arguments that the exculpation clause at issue here—which covers criminal and civil law enforcement liability and applies to future conduct—is likewise unlawful.

As the Government's supplemental authority letter indicated, even if the Second Circuit's decision were upheld, the Government should prevail in this matter for independent reasons. ECF No. 76 at 1. Nonetheless, some of the parties' arguments in this case depend on interpretations of the same statutory provisions at issue in *Purdue*, and implicate related issues, such as whether general provisions of the Bankruptcy Code permit bankruptcy courts to limit the liabilities of nondebtors. *See, e.g.*, Govt. Br. (ECF No. 59) at 20-29. Thus, whatever the Supreme Court decides in *Purdue*, its reasoning may well clarify certain issues in this appeal. Waiting for the Supreme Court's decision would thus be potentially useful in deciding this appeal, and would also decrease the likelihood of applications for reconsideration or further appeals after *Purdue* is decided. However, in the alternative, and as we have previously indicated, the Government should prevail in this appeal for reasons independent of the issues in *Purdue*, including sovereign immunity and separation of powers, *see id.* at 29-39, and because even if third-party releases are allowed in some circumstances, the exculpation clause approved here is of unprecedented (and inappropriate) breadth and application, *see id*. 39-53.

*Appellees' position.*  Appellees submit that this Court should not await the Supreme Court's decision in *Purdue* before issuing a decision in this appeal, for several reasons.  First, even if the Supreme Court were to reverse the Second Circuit's decision in *Purdue* and conclude that the third-party releases there are unlawful, the exculpation clause here would survive.  As Appellees have explained, exculpation provisions are fundamentally different from third-party releases.  *See* Appellees.Br.6-7, 30-31.  Exculpation provisions do not "extinguish[] claims held by nondebtors against nondebtor third parties" (as the *Purdue* certiorari petition's question presented describes third-party releases).  Instead, they establish the standard of care for individuals executing a plan at the bankruptcy court's express direction.  For this reason, courts that reject third-party releases accept exculpation provisions.  *Compare, e.g.*, *In re Lowenschuss*, 67 F.3d 1394 (9th Cir. 1995) (precluding third-party release), *with Blixseth v. Credit Suisse*, 961 F.3d 1074, 1082 (9th Cir. 2020) (permitting exculpation provision).  Indeed, in *Purdue* itself, the confirmed plan contained a third-party release—the subject of the pending Supreme Court case—but it also contained an exculpation provision, which the U.S. Trustee never challenged and is not at issue before the Supreme Court.

Second, for this Court to await the Supreme Court's decision in *Purdue* before issuing a decision would needlessly delay the ultimate resolution of the exculpation provision's legality. Whatever decision this Court issues will inevitably be appealed to the Second Circuit.  In performing its review, the Second Circuit will engage in "plenary, or de novo review" of this Court's decision, "apply[ing] the same standard of review employed by the district court to the decision of the bankruptcy court."  *In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018).  In other words, the Second Circuit will "look through the district court to the bankruptcy court's decision." *In re DBSD N.A., Inc.*, 634 F.3d 79, 94 (2d Cir. 2011).  Accordingly, even if the Supreme Court's decision in *Purdue* "might well clarify certain issues in this appeal," as the government asserts, there is little reason for this Court to wait for a decision in *Purdue* and issue a decision that will be

overtaken entirely by proceedings in the Second Circuit. The more efficient course is for the Court to issue a decision based on current case law regarding exculpation provisions, for the non-prevailing party to appeal that decision to the Second Circuit, and for the parties then to brief the exculpation provision issue before the Second Circuit, which if it so chooses can stay the case pending the Supreme Court's decision in *Purdue* (prior to briefing) and/or request supplemental briefing regarding the effect of that decision (following briefing). For this Court to wait over six months (at a minimum) for the Supreme Court's decision, and only then to issue a decision that will be appealed and that the Second Circuit will "look through" in performing its own *de novo* review, merely defers the ultimate resolution of the issues in this case, depriving the parties and related stakeholders of much-needed clarity in the meantime.

We thank the Court for its attention to this matter.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

By: /s/ Lawrence H. Fogelman
LAWRENCE H. FOGELMAN
JEAN-DAVID BARNEA
PETER ARONOFF
Assistant United States Attorneys
Telephone: (212) 637-2800
Email: Lawrence.Fogelman@usdoj.gov
Jean-David.Barnea@usdoj.gov
Peter.Aronoff@usdoj.gov

By: /s/ Linda A. Riffkin
WILLIAM K. HARRINGTON
United States Trustee, Region 2
LINDA A. RIFFKIN
Assistant United States Trustee
RICHARD C. MORRISSEY
MARK BRUH
Trial Attorneys
U.S. Department of Justice
Office of the United States Trustee—NY Office
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, New York 10004-1408
Tel.: (212) 510-0500
RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel

        BETH A. LEVENE
        ANDREW BEYER
        FREDERICK GASTON HALL
        Trial Attorneys
        Department of Justice
        Executive Office for United States Trustees
        441 G Street, N.W., Suite 6150
        Washington, DC 20530

        *Counsel for the government*

cc: All parties (by ECF)